# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HOWARD GATES,<br><br>                Plaintiff,<br><br>     v.<br><br>RODRIGUEZ, *et al.*,<br><br>                Defendants. | Case No. 1:19-cv-01279-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 9, 10)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Johnny Howard Gates ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 22, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Castillo for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims against any other defendant. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim. (ECF No. 9.) On November 25, 2019, Plaintiff notified the Court of his willingness to proceed on the cognizable claim against Defendant Castillo identified by the Court. (ECF No. 10.)

1

1  **II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.    Allegations in Complaint**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Correctional Officer Rodriguez; (2) Correctional Officer Castillo; and (3) Correctional Officer Fernandez. Plaintiff asserts a claim for excessive force in violation of the Eighth Amendment and alleges as follows:

> On 7-27-19 while sitting in my wheelchair on the concrete sidewalk constructed for wheelchair bound and ADA inmates, near the urinal area, I was told by the yard tower (C/O Rodriguez) to "take it to the grass" but I reminded him that it is difficult to move my wheelchair on such terrain. Further that this concrete

2

> sidewalk was designed for wheelchair inmates however I did have inmate (Devern Clark CDCR #AW4818) push me further down and away from the urinal area fully in the clear (Rodriguez) now upset told me to move down further I showed him I was in the proper wheelchair area then C/O Fernandez rushed up to my wheelchair and started dragging me in my wheelchair sideways until I put my foot down on the ground then C/O Fernandez utilized his state issued radio code one and ordered the yard to get down thats when C/O Castillo responded to the code one handcuff'd me thats when I was dragged again this time by C/O Castillo the rubber on my wheelchair came off the rim was damaged once we made it to the medical holding tank I was snatch out of my wheelchair and slammed to the ground by C/O Castillo my lower back is injury I also reinjury my right knee

(ECF No. 1 at 3) (unedited text). Plaintiff further alleges that he was snatched out of his wheelchair and slammed to the ground by C/O Castillo, injuring his lower back and causing him pain and difficulty sleeping. (Id.) As relief, Plaintiff seeks compensatory and punitive damages, along with expungement of a rules violation report from his file. (Id. at 6.)

## IV. Discussion

### A. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

As currently pled, Plaintiff's complaint states a cognizable claim against Defendant Castillo, but fails to state a cognizable claim against any other named defendant. As to

3

Defendants Rodriguez and Fernandez, Plaintiff's complaint does not allege a use of force that resulted in any harm to Plaintiff's person. At best, Plaintiff alleges that Defendant Rodriguez ordered Plaintiff to move his wheelchair and Defendant Fernandez dragged Plaintiff's wheelchair. This conduct does not rise to the level of an Eighth Amendment violation.

### B. Rules Violation Report

Plaintiff seeks to expunge a rules violation report from his prison file. The nature or basis of any such claim is unclear. Insofar as Plaintiff seeks expungement of an allegedly false rules violation report, he does not state a claim. Plaintiff does not have a constitutional right to an accurate prison record. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987). Further, the issuance of a false rules violation report does not, in and of itself, support a claim under section 1983. See Johnson v. Felker, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted).

## V. Conclusion and Recommendation

Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendant Castillo, but fails to state any other cognizable claims against any other defendants.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed September 13, 2019, (ECF No. 1), against Defendant Castillo for excessive force in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

\*\*\*

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after

being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 26, 2019**        /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE