# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HOWARD GATES,<br><br>Plaintiff,<br><br>v.<br><br>RODRIGUEZ, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01279-NONE-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 22) |

Plaintiff Johnny Howard Gates ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case is currently set before Magistrate Judge Jeremy D. Peterson for a pre-settlement telephone conference on April 20, 2020, and a settlement conference on May 1, 2020. (ECF No. 21.)

Currently before the Court is Plaintiff's motion to appoint counsel, filed March 12, 2020. (ECF No. 22.) In his motion, Plaintiff states only that he has an ongoing case and is in need of an attorney to assist him at his upcoming court dates. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary

assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma pauperis* almost daily.  These prisoners also must conduct legal research, prosecute claims, and attend settlement conferences without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although Plaintiff's complaint has been screened and found to state cognizable claims, Plaintiff has not established that he is likely to succeed on the merits of those claims.  Finally, based on a review of the record in this case, the Court finds that the legal issues in this case do not appear to be particularly complex and that Plaintiff can adequately articulate his claims.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 22), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **March 13, 2020**           /s/ *Barbara A. McAuliffe*           
                                                       UNITED STATES MAGISTRATE JUDGE