## UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HOWARD GATES,<br><br>  Plaintiff,<br><br>  v.<br><br>RODRIGUEZ, *et al.*,<br><br>  Defendants. | Case No. 1:19-cv-01279-NONE-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANT CASTILLO'S MOTION TO MODIFY THE SCHEDULING ORDER<br>(ECF No. 25)<br><br>ORDER VACATING APRIL 20, 2020 PRE-SETTLEMENT TELEPHONIC CONFERENCE AND MAY 1, 2020 SETTLEMENT CONFERENCE<br>(ECF No. 21) |

Plaintiff Johnny Howard Gates ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Castillo for excessive force in violation of the Eighth Amendment.

On February 26, 2020, the Court identified this case as an appropriate case for the post-screening ADR (Alternative Dispute Resolution) project, and stayed the action to allow the parties an opportunity to settle their dispute before the discovery process begins. (ECF No. 21.)

On April 14, 2020, Defendant filed a motion requesting modification of the scheduling order. (ECF No. 25.) Specifically, Defendant requested that the Court extend the Confidential Settlement Statement due date, as well as the pre-settlement telephone conference and settlement conference dates, by sixty days. Defendant argues that good cause exists to grant the motion as the California Department of Corrections and Rehabilitation ("CDCR") is on a modified program

1

for at least the next 30 days, limiting inmate and staff movement in order to minimize the spread of the COVID-19 virus. CDCR has requested that phone and video conferences with inmates and staff be postponed whenever possible. (Id.) Plaintiff has not had an opportunity to respond, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

Upon review of the request, the Court finds good cause to grant Defendant's request, in part. In light of the current restrictions related to COVID-19 and the uncertainty of future restrictions, the Court finds it appropriate to vacate, rather than postpone, the scheduled settlement conference and related deadlines. The stay will remain in place. Should CDCR lift COVID-19 restrictions in the near future, the parties are free to inform the Court that they remain amenable to discussing settlement and the Court will set a new date for an early settlement conference. Alternatively, if a settlement conference is not set, the Court will issue the discovery and scheduling order.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to modify the scheduling order, (ECF No. 25), is GRANTED IN PART;
2. The April 20, 2020 pre-settlement telephonic conference and May 1, 2020 settlement conference are vacated.

IT IS SO ORDERED.

Dated: **April 16, 2020**         /s/ Barbara A. McAuliffe
                                 UNITED STATES MAGISTRATE JUDGE